**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| VIIV HEALTHCARE COMPANY, SHIONOGI & CO., LTD., and VIIV HEALTHCARE UK (NO.3) LIMITED,<br><br>Plaintiffs,<br><br>v.<br><br>AUROBINDO PHARMA LTD. and AUROBINDO PHARMA USA, INC.,<br><br>Defendants. | )<br>)<br>)<br>)<br>) Case No. _____<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiffs ViiV Healthcare Company, Shionogi & Co., Ltd., and ViiV Healthcare UK (No.3) Limited (collectively, "Plaintiffs" or "ViiV") bring this action for patent infringement against Aurobindo Pharma Ltd. ("Aurobindo Pharma") and Aurobindo Pharma USA, Inc. ("Aurobindo USA") (collectively, "Defendants" or "Aurobindo").

**THE PARTIES**

1. Plaintiff ViiV Healthcare Company, a wholly owned subsidiary of ViiV Healthcare Limited, is a corporation organized and existing under the laws of the State of Delaware, with a trading address at 410 Blackwell Street, Durham, North Carolina 27701.

2. Plaintiff Shionogi & Co., Ltd., also known as Shionogi Seiyaku Kabushiki Kaisha, is a corporation organized and existing under the laws of Japan, with a principal place of business at 1-8, Doshomachi 3-chome, Chuo Ku, Osaka, 541-0045, Japan.

3. Plaintiff ViiV Healthcare UK (No.3) Limited is a corporation organized and existing under the laws of England and Wales, with a trading address at 79 New Oxford Street, London WC1A 1DG, United Kingdom. ViiV Healthcare UK (No. 3) Limited is co-owned by

ViiV Healthcare Company and ViiV Healthcare UK limited, which are wholly owned subsidiaries of ViiV Healthcare Limited.

4. On information and belief, Defendant Aurobindo Pharma is a corporation organized and existing under the laws of India, with its principal place of business at Water Mark Building, Plot No. 11, Survey No. 9, Kondapur, Hitech City, Hyderabad, 500 084, Telangana, India.

5. On information and belief, Defendant Aurobindo USA is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 279 Princeton Hightstown Road, East Windsor, New Jersey 08520.

6. On information and belief, Aurobindo USA is a wholly owned subsidiary of Aurobindo Pharma.

7. On information and belief, Defendants are in the business of, *inter alia*, manufacturing, marketing, and selling generic copies of branded pharmaceutical products throughout the United States, including within this District.

8. On information and belief, Defendants acted in concert to develop the proposed generic product that is the subject of Abbreviated New Drug Application ("ANDA") No. 208355, and to seek regulatory approval from the U.S. Food and Drug Administration ("FDA") to market and sell that proposed generic product throughout the United States, including within this District.

9. On information and belief, Aurobindo USA acts as the U.S. regulatory agent for Aurobindo Pharma with respect to ANDA No. 208355, and Aurobindo USA will work, either directly or indirectly, to manufacture, import, market, and sell the proposed generic product.

## NATURE OF THE ACTION

10. This is a civil action for patent infringement under the patent laws of the United States, Title 35, United States Code, arising out of Defendants' ANDA No. 208355, filed with the FDA seeking approval to engage in the commercial manufacture, use and sale of dolutegravir sodium tablets, eq 50 mg base ("Proposed ANDA Product"), which is a generic version of ViiV's TIVICAY® (dolutegravir) tablets, for oral use, prior to the expiration of U.S. Patent No. 9,242,986 ("the '986 Patent").

## JURISDICTION AND VENUE

11. This Court has jurisdiction over the subject matter of this action, which arises under the patent laws of the United States, pursuant to 28 U.S.C. §§ 1331 and 1338(a), and 35 U.S.C. § 1 *et seq*.

12. This Court has personal jurisdiction over Defendants because, *inter alia*, they have maintained continuous and systematic contacts with the State of Delaware and this District.

13. On information and belief, Defendants collaborate to market and sell generic pharmaceutical products, pursuant to the Abbreviated New Drug Application process, throughout the United States, including in the State of Delaware, at least by making and shipping into this judicial district, or by offering to sell or selling, or causing others to offer to sell or sell, generic pharmaceutical products. Defendants derive substantial revenue from goods used or consumed or services rendered in this judicial district.

14. This Court has personal jurisdiction over Aurobindo USA by virtue of, *inter alia*, its conduct of business in this District, its purposeful availment of the rights and benefits of Delaware law, and its substantial, continuous, and systematic contacts with the State of Delaware. On information and belief, Aurobindo USA: (1) is incorporated in the State of

Delaware; (2) intentionally markets and provides its generic pharmaceutical products to residents of this State; (3) enjoys substantial income from this State; and (4) affirmatively avails itself of the jurisdiction of this Court by filing counterclaims in this District and by being sued in this District without challenging personal jurisdiction. *See, e.g.*, *AbbVie Inc.* v. *Hetero USA, Inc., et al.*, 24-924 (D. Del.); *SK Biopharmaceuticals Co., Ltd., et al v. Aurobindo Pharma Limited, et al.*, 24-718 (D. Del.); *Taiho Pharmaceutical Co., Ltd., et al. v. Eugia Pharma Specialities Ltd., et al.*, 22-1611 (D. Del.).

15. This Court has personal jurisdiction over Aurobindo Pharma by virtue of, *inter alia*, its conduct of business in this District, its purposeful availment of the rights and benefits of Delaware law, and its substantial, continuous, and systematic contacts with the State of Delaware. On information and belief, Aurobindo Pharma: (1) intentionally markets and provides its generic pharmaceutical products to residents of this State; (2) enjoys substantial income from this State; (3) created a presence in the State through its related company, Aurobindo USA; and (4) affirmatively avails itself of the jurisdiction of this Court by filing counterclaims in this District and by being sued in this District without challenging personal jurisdiction. *See, e.g.*, *AbbVie Inc.* v. *Hetero USA, Inc., et al.*, 24-924 (D. Del.); *SK Biopharmaceuticals Co., Ltd., et al v. Aurobindo Pharma Limited, et al.*, 24-718 (D. Del.); *Taiho Pharmaceutical Co., Ltd., et al. v. Eugia Pharma Specialities Ltd., et al.*, 22-1611 (D. Del.).

16. On information and belief, Aurobindo Pharma directly or through its affiliates or subsidiaries, including Aurobindo USA, manufactures, imports, markets, and sells generic drugs throughout the United States and in this judicial district.

17. On information and belief, Defendants intend to manufacture for distribution, and to distribute and sell, products that are generic equivalents of ViiV's TIVICAY® (dolutegravir) tablets, for oral use, throughout the United States and in this judicial district.

18. For the reasons set forth above, and for additional reasons which will be supplied if Defendants challenge personal jurisdiction in this action, Defendants are subject to personal jurisdiction in this District.

19. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b), (c) and 1400(b).

## THE PATENT-IN-SUIT

20. The '986 Patent, entitled "Synthesis of carbamoylpyridone HIV integrase inhibitors and intermediates," was duly and legally issued on January 26, 2016 and will expire on December 8, 2029. The '986 Patent has been awarded pediatric exclusivity through June 8, 2030. A copy of the '986 Patent is attached as Exhibit A. Shionogi & Co., Ltd. is the assignee of the '986 Patent. ViiV Healthcare UK (No.3) Limited is the exclusive licensee of the '986 Patent.

## FACTUAL BACKGROUND

### *TIVICAY® (Dolutegravir) Tablets, for Oral Use*

21. TIVICAY® (dolutegravir) tablets, for oral use, are approved by the FDA for the treatment of HIV-1 infection.

22. ViiV Healthcare Company is the holder of approved New Drug Application No. 204790 for TIVICAY® (dolutegravir) tablets, for oral use, containing 50 mg of dolutegravir (as dolutegravir sodium).

23. TIVICAY® (dolutegravir) tablets, for oral use, are covered by one or more claims of the '986 Patent, and the '986 Patent has been listed for NDA No. 204790 in the FDA's

publication, *Approved Drug Products with Therapeutic Equivalence Evaluations*, which is referred to as the "Orange Book."

24.     ViiV sells and distributes TIVICAY® (dolutegravir) tablets, for oral use, in the United States pursuant to NDA No. 204790.

### *Defendants' ANDA No. 208355*

25.     By the Notice Letter dated September 17, 2025, Defendants notified Plaintiffs that Defendants, by submitting ANDA No. 208355 to the FDA, seek approval to engage in the commercial manufacture, use or sale of the Proposed ANDA Product prior to the expiration of the '986 Patent, and that ANDA No. 208355 included a certification pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV) ("Paragraph IV Certification") that the '986 Patent is allegedly invalid, unenforceable and/or will not be infringed by the manufacture, use, importation, sale or offer for sale of the Proposed ANDA Product.

26.     On information and belief, Defendants were necessarily aware of the Patent-in-Suit when ANDA No. 208355 was filed with the Paragraph IV Certification.

27.     On information and belief, dolutegravir sodium as covered in one or more of the claims of the '986 Patent is and/or will be present in the Proposed ANDA Product.

28.     On information and belief, ANDA No. 208355 refers to and relies upon NDA No. 204790 for TIVICAY® (dolutegravir) tablets, for oral use, and contains data that, according to Defendants, demonstrate the bioequivalence of the Proposed ANDA Product and TIVICAY® (dolutegravir) tablets, for oral use.

29.     On information and belief, the Proposed ANDA Product will have instructions for use that substantially copy the instructions for TIVICAY® (dolutegravir) tablets, for oral use. The instructions accompanying the Proposed ANDA Product will induce others to use and/or

contribute to others' use of the Proposed ANDA Product in the manner set forth in the instructions.

## COUNT I:  INFRINGEMENT OF U.S. PATENT NO. 9,242,986

30. Plaintiffs hereby reallege and incorporate by reference the allegations of paragraphs 1-29 of this Complaint.

31. The Proposed ANDA Product infringes one or more claims of the '986 Patent, either literally or under the doctrine of equivalents.

32. Defendants' submission of ANDA No. 208355 under 21 U.S.C. § 355(j) for the purpose of obtaining approval to engage in the commercial manufacture, use, importation, sale and/or offer for sale of the Proposed ANDA Product before the expiration of the '986 Patent constitutes infringement of one or more claims of the '986 Patent under 35 U.S.C. § 271(e)(2).

33. On information and belief, Defendants plan to, intend to, and will engage in the commercial manufacture, use, importation, sale and/or offer for sale of the Proposed ANDA Product immediately upon approval of ANDA No. 208355 and will direct physicians and patients on the use of the Proposed ANDA Product through product labeling.

34. On information and belief, upon FDA approval of ANDA No. 208355, Defendants will infringe the '986 Patent under 35 U.S.C. § 271(a), literally and/or through the doctrine of equivalents, by making, using, offering to sell, or selling the Proposed ANDA Product in the United States, and/or importing the Proposed ANDA Product in the United States.

35. Upon FDA approval of ANDA No. 208355, Defendants will infringe the '986 Patent under 35 U.S.C. § 271(a), literally and/or through the doctrine of equivalents, by making, using, offering to sell, or selling the Proposed ANDA Product in the United States, and/or importing the Proposed ANDA Product in the United States, and will infringe under 35 U.S.C. §

271(b) and/or (c), literally and/or through the doctrine of equivalents, by actively inducing and/or contributing to infringement by others.

36. Each of Aurobindo USA and Aurobindo Pharma is jointly and severally liable for infringement of the '986 Patent.

37. In the Notice Letter, Defendants do not dispute that the Proposed ANDA Product will infringe Claims 1-6 of the '986 Patent unless Claims 1-6 of the '986 Patent are found invalid.

38. On information and belief, Defendants had knowledge of the '986 Patent when they submitted ANDA No. 208355 to the FDA, and Defendants know or should know that they will aid and abet another's direct infringement of at least one of the claims of the '986 Patent.

39. Plaintiffs will be substantially and irreparably harmed by the infringing activities described above unless those activities are precluded by this Court. Plaintiffs have no adequate remedy at law.

40. On information and belief, Defendants lacked a good faith basis for alleging noninfringement of Claims 7-12 and invalidity of Claims 1-6 of the '986 Patent when they filed their Paragraph IV Certification. Accordingly, Defendants' Paragraph IV Certification was wholly unjustified, and this case is exceptional under 35 U.S.C. § 285.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that this Court grant the following relief:

      a)    Judgment that the '986 Patent is valid and enforceable;

      b)    Judgment that Defendants' submission of ANDA No. 208355 was an act of infringement under 35 U.S.C. § 271(e)(2) of one or more claims of the '986 Patent;

      c)    Judgment that Defendants' making, using, offering to sell, selling or importing into the United States of the Proposed ANDA Product prior to the expiration of the '986 Patent including any extensions or exclusivities, will infringe, will actively induce infringement, and/or will contribute to the infringement of one or more claims of the '986 Patent;

      d)    An Order pursuant to 35 U.S.C. § 271(e)(4)(A) providing that the effective date of any FDA approval of ANDA No. 208355 shall be a date that is not earlier than the expiration of the '986 Patent plus any other extensions or exclusivities to which Plaintiffs are or become entitled;

      e)    An Order permanently enjoining Defendants, their affiliates and subsidiaries, each of their officers, agents, servants and employees, and any person acting in concert with Defendants, from making, using, offering to sell, selling, marketing, or distributing in the United States, or importing into the Unites States, the Proposed ANDA Product until after the expiration of the '986 Patent plus

                    any other extensions or exclusivities to which Plaintiffs are or become entitled;

    f)    A declaration that this case is an exceptional case within the meaning of 35 U.S.C. § 285, and an award to Plaintiffs of their expenses, reasonable costs and attorneys' fees incurred in connection with prosecuting this action; and

    g)    Such further and other relief as this Court deems proper and just.

DATED: October 30, 2025

OF COUNSEL:

Lisa B. Pensabene, Esq.  
Caitlin Hogan, Esq.  
O'MELVENY & MYERS LLP  
7 Times Square  
New York, New York 10036  
(212) 326-2000

MCCARTER & ENGLISH, LLP

*/s/ Daniel M. Silver*
_____  
Daniel M. Silver (#4758)  
Alexandra M. Joyce (#6423)  
Renaissance Centre  
405 N. King Street, 8th Floor  
Wilmington, Delaware 19801  
(302) 984-6300  
dsilver@mccarter.com  
ajoyce@mccarter.com

*Attorneys for Plaintiffs ViiV Healthcare Company, Shionogi & Co., Ltd., and ViiV Healthcare UK (No.3) Limited*

10